UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DR. JOHN FRAICHE AND DONNA D. FRAICHE     CIVIL ACTION

VERSUS     NUMBER 08-392-JJB-DLD

SONITROL OF BATON ROUGE, ET AL

## ORDER

This matter is before the court on plaintiff's motion to compel responses to discovery. (rec. doc. 79) The motion is opposed.

### Background

In October, 2001, the plaintiffs and Sonitrol entered into an agreement whereby Sonitrol would install, inspect and monitor an alarm system at plaintiffs' residence. On January 7, 2008, the plaintiffs' residence was burglarized, resulting in an alleged loss of $264,597.56. (rec. doc. 17)  Plaintiffs filed the instant suit, alleging breach of contract, breach of warranty, products liability, ordinary negligence, and gross negligence claims for the operator's actions during the burglary.[1]  Defendant removed the state court suit to this court on the basis of diversity jurisdiction, and counters that the agreement contains limitation of liability provisions which expressly and specifically limit the amount of damages that the plaintiff can recover.

### The Motion to Compel

In their motion, plaintiffs specifically seek supplemental responses to requests for production numbers 3, 15, and 16, regarding advertisement and advertising materials used

---

[1] Plaintiffs also alleged a claim under the Louisiana Unfair Trade practices Act ("LUPTA"); however, this claim was dismissed on February 17, 2009. (rec. doc. 17)

by Sonitrol in the marketing of their alarm systems.  Plaintiffs assert that these materials are highly relevant to the issue of gross negligence. (rec. doc. 73).

The three requests read as follows:

<u>Request No.3</u>: Produce all documentation, brochures, advertising, sales or marketing material, warranties, or other writing regarding each item or piece of equipment or service included in the security services including but not limited to the alarm system and audio detection equipment installed at 15151 Highland Road, Baton Rouge, LA.

<u>Request No. 15</u>: Produce a copy of any and all advertising and/or marketing printed material distributed by Sonitrol Corporation with regard to the alarm system purchased by plaintiffs herein at the Baton Rouge, Louisiana address.

<u>Request No. 16</u>: Produce a copy of any and all advertising and/or marketing printed material distributed by Sonitrol Corporation with regard to the audio detection equipment purchased by plaintiffs herein at the Baton Rouge, Louisiana address.

Defendant objects to each of these requests as "overly broad, vague, and ambiguous, seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, is not properly limited in time and scope, and fails to identify the requested documents with reasonable particularity." Id.  Defendant also argues that the documents are not discoverable because they pertain only to the plaintiffs' now dismissed claim under the LUTPA, are not relevant to the contractual claim, and are in the nature of a "fishing expedition." (rec. doc. 79-1)

## ***GOVERNING LAW***

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to any party's claim or defense."  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. <u>See</u> Fed. R. Civ. P. 26(b)(1).  For purposes of discovery,

relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1). Once a relevancy objection has been raised, the party seeking the discovery must demonstrate that the request is within the scope of discovery. Once this showing has been made, the responding party must make a showing of some sufficient reason why discovery should not be allowed. See *Andritz Sprout- Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609 ( D.C. Pa. 1997). A showing of sufficient reason requires that the responding party clarify and explain their objections, and provide support for those objections. *Krawczyk v. City of Dallas*, 2004 WL 614842, *6 (N.D.Tex. Feb.27, 2004) ( citing *Ahern v. Trans Union LLC Zale Corp.,* 2002 WL 32114492, *2 (D.Conn. Oct.23, 2002)).

***Discussion and Analysis***

Plaintiffs contend that the three requests for production relate only to the system purchased by them, which thus limits the discovery requests in both time and scope. Further, plaintiffs assert that they will testify at trial that the sales brochures and other written materials which explain, in part, the "manner in which the system should be used and could be relied upon by the Fraiches," are the reasons they chose the Sonitrol system. Plaintiffs argue that Sonitrol was grossly negligent "in light of the representation made regarding its system." (rec. doc. 83)  In other words, Sonitrol's own representations will be relevant to the standard of care owed by Sonitol and to its allegedly  grossly negligent breach of that standard.

In Louisiana, "gross negligence" has a well-defined legal meaning distinctly separate, and different, from "ordinary negligence," and has been defined as the "want of

even slight care and diligence" and the "want of that diligence which even careless men are accustomed to exercise." Additionally, gross negligence has been defined as an "extreme departure from ordinary care or the want of even scant care."[2] *Solow v. Heard McElroy & Vestal,* L.L.P., 7 So. 3d 1269 (La.App. 2d Cir. 2009), *quoting* Roton *v. Vernon E. Faulconer, Inc.*, 966 So.2d 790, 795(La.App.2d Cir.10/3/07), *writ denied*, 973 So.2d 724  (La.1/7/08). *See also Rabalais v. Nash*, 952 So. 2d 653(La.3/9/07).  In Louisiana, in order to set aside the limitation of liability provisions set forth in the agreement, there must be a finding of gross negligence by the court.[3]

Although defendant tries to tie plaintiffs' requests to the dismissed LUPTA claim and the contractual claim, plaintiffs were very clear that they sought the information with regard to their claim of gross negligence.  In order to determine whether or not defendant was grossly negligent, there first has to be a standard of care from which defendant allegedly departed.   Plaintiffs understandably want to know what defendant said about its services and products in order to show the standard of care that a reasonable person could expect from defendant.  Defendant's own representations therefore clearly fall into the category of  "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party."  *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)  Discovery is broad at this stage of the litigation, and the court therefore finds that plaintiffs have met their burden to show that the requested documents

---

[2]Ordinary negligence and gross negligence thus can be distinguished by the degree of lack of care.

[3] Substantively, Article 2004 of the Louisiana Civil Code provides in pertinent part: "Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party." La. Civ. Code art. 2004.  Clauses that exclude or limit liability in Louisiana thus are valid, but such clauses are null  and unenforceable to the extent that they seek to exclude liability for intentional fault or gross negligence.  *See,e.g., Occidental Chemical Corp. v. Elliott Turbomachinery Co., Inc.*, 84 F.3d 172, 176 n.9 ( 5th Cir. 1996); *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc., 922 F.2d 220* (5th Cir. 1991).

are discoverable.    Accordingly,

    **IT IS ORDERED** that plaintiffs' motion to compel is **GRANTED.**

    **IT IS FURTHER ORDERED** that defendant shall supplement its responses to these three discovery requests within fourteen (14) days of this Order.

    Signed in Baton Rouge, Louisiana, on November 18, 2010.

                            **MAGISTRATE JUDGE DOCIA L. DALBY**