UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DR. JOHN FRAICHE AND DONNA
D. FRAICHE

VERSUS

SONITROL OF BATON ROUGE,
ET AL

CIVIL ACTION

NO. 08-CV-392

## **RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on Defendant Sonitrol Corporation's motion (doc. 74) for partial summary judgment. Plaintiff has filed an opposition (doc. 77) to which Defendant filed a reply (doc. 85). In response, Defendant filed a sur-reply (doc. 91). This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

The following facts are undisputed. On January 7, 2008, Plaintiffs Dr. John Fraiche and Donna D. Fraiche's Baton Rouge home was burglarized while the couple was out town. At the time of the burglary, Plaintiffs had a contract with Defendant Sonitrol Corporation ("Sonitrol") to provide alarm monitoring services (doc. 74, exhibit A). The contract contained a liquidated damages clause limiting Defendant's liability for breach of its contractual obligations to the lesser of one-half year's monitoring payments or $500 (doc. 74, exhibit A).

On the night of the burglary, Sonitrol's alarm system detected sounds coming from within Plaintiffs' home and alerted Sonitrol operator Vickie Bryant

("Bryant")—a process called audio activation.[1] Over the course of thirty minutes, Bryant received five separate audio activations.[2] During that time period, the system also detected the sounds of breaking glass within the home, to which Bryant responded by recording the sounds (*id.*, p. 125).[3] However, Bryant, after monitoring the sounds detected by the system, concluded that Plaintiffs' home was not being burglarized and did not contact Plaintiffs or law enforcement. As a result, Plaintiffs had between $200,000 and $300,000 in jewelry stolen from their home (doc. 77, exhibit G).

On May 21, 2008, Plaintiffs filed suit against Defendant (doc. 1). Plaintiffs assert that Defendant is liable for, among other things, gross negligence[4] (doc. 1).

---

[1] When an audio activation occurs, Sonitrol operators monitor the sounds coming from the home to determine if they are the result of threatening conduct and require taking further action, or are simply the result of other non-threatening causes such a pet or inclement weather (doc. 74, exhibit B, pp. 116-17). The parties' agreement states that "[u]pon receipt of a signal indicating an unauthorized entry into CLIENT'S premises or an emergency, the DEALER'S operator will use *reasonable efforts* to identify the signal, and *when warranted*, will transmit notice of said signal to the local authority having jurisdiction (doc. 74, exhibit A) (emphasis added).

[2] The first occurred at 8:59 p.m., and Bryant listened for forty-five seconds before resetting the system (doc. 74, exhibit B, pp. 118, 121). The second occurred at 9:01 p.m. and Bryant listened for fifty-one seconds (*id*. at pp. 93, 124). The third occurred at 9:04 p.m. (*id.* at p. 125). The fourth occurred at 9:24, and Bryant listened for two minutes and thirty-six seconds (*id.*, pp. at 128; doc. 74, exhibit C, p. 142). The fifth occurred at 9:29 p.m., and Bryant listened for one minute (doc. 74, exhibit B, p. 133).

[3] Bryant claims she did not take further action because Plaintiff's account contained a special instruction not to dispatch law enforcement if the system detected breaking glass because Plaintiffs had recently purchased a grandfather clock which had been causing the glass-break detector to repeatedly activate. (id. at pp. 125-26). In order to make such a request, Sonitrol customers must notify Sonitrol and provide identifying information (doc. 74, exhibit E, pp. 24, 26). Plaintiffs claim that they never made such a request.

[4] Plaintiffs claim that Defendant was grossly negligent in (1) hiring, training and monitoring its employees; (2) failing to properly assess and report the sounds detected by the system; and (3) using misleading and exaggerated marketing techniques (doc. 1, Complaint, p. 7).

On September 30, 2010, Defendant filed its motion (doc. 74) for partial summary judgment (doc. 74). Defendants assert that (1) Bryant's conduct on the night of the burglary did not rise to the level of gross negligence; and (2) should the Court dismiss Plaintiffs' gross negligence claim, the Court should apply the liquidated damages clause to the remaining claims (doc. 74).

On October 21, 2010, Plaintiffs filed their motion in opposition (doc. 77). Plaintiffs assert that summary judgment is inappropriate under the circumstances because (1) there remain genuine issues of material fact and (2) the Court cannot say as a matter of law that Bryant's conduct or Sonitrol's hiring, training or monitoring of Bryant, or adding the notation as to glass-break detection was not grossly negligent (doc. 77).

On November 5, 2010, Defendants filed their reply (doc. 85). Defendants assert again assertthat there was no genuine issue of material fact and that Plaintiffs' spoliation argument[5] is without merit because Sonitrol's recordings automatically delete every thirty days and Plaintiffs cannot show that Sonitrol purposely deleted the video (doc. 85).

On November 17, 2010, Plaintiffs filed their sur-reply (doc. 91). Plaintiffs assert that there are number of genuine issues of material fact[6] and that Defendant failed to retain video of its monitoring station despite that Plaintiff

---

[5] Plaintiffs allege that Defendants had video evidence of what occurred in the monitoring station on the night of the incident, but failed to retain it (doc. 77, p. 4)

[6] Plaintiffs assert that genuine issues of material fact exist as to whether Plaintiffs requested the glass-break notation in its file, whether Bryant heard an threatening noises on the night of the incident, and whether Defendant destroyed video of its monitoring station on the night of the incident (doc. 91).

3

asked Defendant's counsel to do so and Defendant's counsel acknowledged the request within thirty days of the incident—within the time in which the tape would have been automatically expunged (doc. 91).

Summary judgment is appropriate if the evidence establishes that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. Rule Civ. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Plaintiffs allege that Defendant was grossly negligent in failing to notify Plaintiffs or law enforcement after receiving numerous audio activations and hearing glass breaking (doc. 1, Complaint, ¶ 28). Moreover, Plaintiffs allege that the provision in their contract with Sonitrol limiting liability is legally null as it applies to their claims for gross negligence (*id.* at ¶ 25). Plaintiffs also assert that summary judgment is inappropriate under the circumstances because (1) there are unresolved issues of fact as to why their account contained a special instruction regarding glass breaks, what Bryant heard on the night of the incident and whether Defendant purposefully failed to retain video of its monitoring station from the night of the incident; and (2) gross negligence is generally a question of fact to be decided by the jury (docs. 77 and 91).

Defendants assert that (1) Bryant's conduct on the night of the burglary did not rise to the level of gross negligence because the parties' contract dictated that Defendant's employees would use their discretion in determining whether an audio activation or glass break justified taking further action and she was not asleep, on medication, or voluntarily distracted; and (2) should the Court dismiss Plaintiffs' gross negligence claim, the Court should apply the liquidated damages clause to the remaining claims (doc. 74).

Under Louisiana law, gross negligence is defined as "the want of even slight care and diligence . . . which even careless men are accustomed to exercise." *Ambrose v. New Orleans Police Dep't Ambulance Serv.*, 639 So. 2d 216, 219 (La. 1994). Though a district court may grant a motion for summary judgment on the issue of gross negligence, *Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991), determining whether a party was grossly negligent generally requires a detailed factually inquiry which makes it inappropriate for summary judgment. *Mt. Hawley Ins. Co. v. ADT Sec. Sys., Inc.*, 831 So. 2d 480, 483 (La. Ct. App. 5th 2002). *See also Martco Ltd. P'Ship v. Wellons*, Inc., 2006 WL 845597, at *3 (W.D. La. 2006) ("[A] finding that a party is negligent or grossly negligent is a finding of fact."); *Godfrey v. Boston Old Colony Ins. Co.*, 718 So. 2d 455, 459-60 (La. Ct. App. 4th 1998) (stating that questions of fact regarding the reasonableness of a party's behavior preclude summary judgment). Moreover, when there are credibility determinations to be made,

summary judgment is generally inappropriate. *Boland v. West Feliciana Parish Police Jury*, 878 So. 2d 808, 813 (La. Ct. App. 1st 2004).

The Court finds that there remain genuine issues of material fact. Bryant stated that she did not take further action after the system detected the sounds of breaking glass because Plaintiffs' account contained a special notation not to do so (doc. 74, exhibit B, pp. 125-26). Plaintiffs claim that they never instructed Defendant to include a special notation in their account not to call law enforcement in the event that the system detected a glass break (doc. 77). Defendant has failed to produce any evidence as to how, when and by whom the instruction was made and so the issue necessarily will turn on the Plaintiffs' and Defendant's credibility. Moreover, there exists a genuine issue of material fact as to the circumstances surrounding the deletion of the video of Defendant's monitoring station. Plaintiffs requested that the video be retained and Defendant's counsel acknowledged the request within the time in which the video would have been automatically expunged.

Moreover, the Court finds that Defendant has not established its entitlement to judgment a matter of law. Neither Plaintiffs nor Defendant have come forth with any case law analogous enough to be determinative of the issue. Moreover, determining whether Bryant acted with "want of even slight care and diligence . . . which even careless men are accustomed to exercise" in failing to notify Plaintiffs or law enforcement or whether Defendant so acted in hiring, training and/or supervising Bryant requires a detailed factual inquiry and

6

consideration of a multitude of factors, making a grant of summary judgment inappropriate. *Ambrose*, 639 So. 2d at 219; *Mt. Hawley Ins. Co.*, 831 So. 2d at 483. Therefore, the Court will DENY Defendant's motion for partial Summary Judgment (doc. 77).

## Conclusion

Accordingly, the Court hereby DENIES Defendant's motion (doc. 77) for partial summary judgment as to Plaintiffs' gross negligence claims.

Signed in Baton Rouge, Louisiana, on this 28th day of January, 2011.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**