UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DR. JOHN FRAICHE AND DONNA
D. FRAICHE

VERSUS

SONITROL OF BATON ROUGE, ET AL

CIVIL ACTION

NO. 08-392-JJB-DLD

## RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION AND, ALTERNATIVELY, FOR LEAVE TO ADD EXPERT WITNESS

This matter is before the Court on Plaintiffs' Motion (doc. 107) for Reconsideration of Portions of Ruling on Motion to Strike and Alternative Motions *in Limine* and For Leave to Add Expert Witness. Defendant has filed an opposition (doc. 110). There is no need for oral argument. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.

### Background

On January 7, 2008, Plaintiffs Dr. John Fraiche and Donna Fraiche's Baton Rouge home was burglarized while the couple was out town, resulting in the loss of approximately $300,000 in jewelry. At the time of the burglary, Plaintiffs had a contract with Defendant Sonitrol Corporation ("Sonitrol") to provide alarm monitoring services.

On May 21, 2008, Plaintiffs filed suit against Defendant (doc. 1). Plaintiffs assert that Sonitrol employee, Vickie Bryant ("Bryant"), was grossly negligent in failing to respond to numerous alerts and the sounds of breaking glass coming from within the home, and that Sonitrol, therefore, breached its contract for alarm

1

monitoring services with Plaintiffs. In September 2010, Defendant filed its Motion (doc. 74) for Summary Judgment which was opposed by Plaintiffs (doc. 77). Plaintiffs' opposition was supported by (1) the deposition of Sally Wright ("Wright")[1]; and (2) deposition testimony, an affidavit and expert reports of Don Connor ("Connor").[2] Thereafter, Defendant filed its Motion (doc. 93) to Strike these portions of Plaintiffs' summary judgment evidence.

On February 9, 2011, the Court granted (doc. 104) Defendant's Motion to Strike. The Court determined that Wright's deposition—which served no other purpose than to show the date and circumstances under which Bryant was terminated—was inadmissible under Federal Rules of Evidence 407 and 404(b) because (1) Bryant's termination was a subsequent remedial measure and (2) was evidence of careless conduct proffered solely to establish "action in conformity therewith" (doc. 104). The Court also determined that Connor's affidavit, deposition testimony and expert reports were inadmissible because Connor—despite his wealth of experience in law enforcement—is not qualified to provide expert opinions on the standard of care applicable to private, commercial alarm monitoring companies.

On March 2, 2011, Plaintiffs filed their Motion (doc. 107) for Reconsideration of Portions of Ruling on Motion to Strike and Alternative Motions

---

[1] Wright is General Manager of the Houston Jackson Group, which recruited employees for companies, including Sonitrol. In her deposition, Wright testified (1) as to the dates of Bryant's employment with Sonitrol; and (2) that Bryant was terminated by Sonitrol on March 24, 2008 for failing to respond to a burglary under similar conditions.

[2] Connor, Plaintiff's expert witness, testified that Bryant's actions rose to the level of gross negligence (doc. 84, Connor depo., p. 155-56).

2

in Limine and For Leave to Add Expert Witness. Plaintiffs assert that Wright's deposition testimony is admissible because (1) it contradicts the testimony of two other witnesses—Bryant and Paula Wagner ("Wagner")—as to a material issue in the case; and (2) it demonstrates bias and motive on the parts of Bryant and Wagner. Plaintiffs also assert that (1) the Court should overrule its decision barring Connor from testifying as an expert witness; or (2) alternatively, grant leave to permit Plaintiffs to secure another expert.

On March 23, 2011, Defendant filed its motion in opposition (doc. 110). Defendant asserts that (1) Wright's deposition testimony contradicts neither Bryant's nor Wagner's testimony as to a material issue; (2) Wright's deposition testimony does not establish bias or motive on the part of Bryant or Wagner; and (3) Plaintiffs have not met Federal Rule of Civil Procedure 59's criteria for granting a motion for reconsideration. Defendant also asserts that (1) the Court's exclusion of Connor was correct; (2) Plaintiffs have not met the criteria for granting a motion for reconsideration; and (3) the Court should deny Plaintiffs' motion for leave to secure another expert.

## Analysis

### I. Wright deposition testimony and supporting documents

Plaintiffs assert that Wright's deposition testimony is admissible because (1) it contradicts the testimony of two other witnesses—Bryant and Paula Wagner ("Wagner")—as to a material issue in the case; and (2) it demonstrates bias and motive on the parts of Bryant and Wagner (doc. 107).

3

Defendant asserts that (1) Wright's deposition testimony contradicts neither Bryant's nor Wagner's testimony as to material issues such as "Bryant's work for Sonitrol, including her training, her employment, what she did the night of the burglary, and the circumstances surrounding her departure from Sonitrol;" (2) Wright's deposition testimony does not establish bias or motive on the part of Bryant or Wagner; and (3) Plaintiffs have not met Federal Rule of Civil Procedure's criteria for granting a motion for reconsideration.

Though all relevant evidence is generally admissible, the Federal Rules of Evidence may provide that such evidence be deemed inadmissible. Fed. R. Evid. 402. "Evidence of other . . . acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Moreover, "[w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence." Fed. R. Evid. 407. In addition, under Federal Rule of Evidence 607, "[t]he credibility of a witness may be attacked by any party." However, "'specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness . . . may not be proved by extrinsic evidence." Fed. R. Evid. 608(b).

That said, evidence that would otherwise be inadmissible under Federal Rules of Evidence 404(b), 407 and 608(b) may be admitted to contradict a witness's testimony as to a material issue, *see United States v. Opager*, 589 F.2d

4

799, 801 (5th Cir. 1979), subject to the trial court's responsibility to "guard against the improper admission of evidence to prove prior negligence under the guise of impeachment." *Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1011 (5th Cir. 1989). In addition, courts may admit evidence that otherwise violates Federal Rule of Evidence 608(b) to show bias or motive. *See Harding v. Sianbro Corp.*, 498 F. Supp. 2d 344 (D. Minn. 2007).

The Court finds that its February 9, 2011 decision was correct.[3] Wright's deposition testimony is not necessary to contradict Bryant's or Wagner's testimony as to any *material* issue, such as the adequacy of Bryant's training or her actions on the night of the incident. Wright's testimony at most, addresses the nature of Bryant's work at Sonitrol, not its quality (doc. 107-1). Wright testified that the Houston Jackson Group played no role in training Bryant, and that any training was done exclusively by Sonitrol (doc. 107-1, p. 19). Wright's testimony never contradicts Bryant's or Wagner's testimony as to Bryant's

---

[3] The Court stated in its February 9, 2011 ruling that:

> Sonitrol's termination of Bryant is a "subsequent remedial measure" under Federal Rule of Evidence 407. Bryant's termination occurred after the Fraiche's home was burglarized, and—assuming that Bryant had a character for carelessness—had Sonitrol taken action earlier, the Fraiche's injury would have been less likely to occur. Moreover, under Federal Rule of Evidence 404(b), Bryant's failure to respond to a burglary under similar circumstances was an "other act," which Plaintiffs seek to admit in order to prove Bryant's careless character and to establish conformity therewith on the night of January 7, 2008. Lastly, in attempting to admit evidence of Bryant's termination for poor performance in order to impeach the credibility of Bryant and Paula Wagner, Plaintiffs seek to admit "extrinsic evidence" to establish "specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness."

5

actions on the night of the incident, and, importantly, Wright stated that she has no personal knowledge of anything Bryant did at Sonitrol (doc. 107-1, p. 20). Lastly, when and why Bryant left Sonitrol are not material because they occurred *after* the incident of which Plaintiffs complain and have no bearing on her training prior to the incident or her behavior during the incident. Admission of evidence on the circumstances surrounding Bryant's departure from Sonitrol would plainly violate Federal Rules of Evidence 404(b), 407, and 608(b), and this Court refuses to allow "the improper admission of evidence to prove prior negligence under the guise of impeachment." *Hardy*, 870 F.2d at 1011.

In addition the Court finds that Wright's deposition testimony is not admissible to prove motive or bias. Plaintiffs have articulated no concrete motive or bias in support of its motion. Instead, Plaintiffs simply conclude, *ipso facto*, that the fact that Wright's testimony allegedly contradicts Bryant's and Wagner's testimony "about the circumstances surrounding Vickie Bryant's employment and departure of Sonitrol" is "clear evidence of a motive on the part of these women to testify falsely" or "a bias against telling the truth" (doc. 107, p. 9). However, Wright's testimony in no way contradicts Bryant's and Wagner's testimony as to the circumstances surrounding Bryant's *employment* with Sonitrol, which would be material, but only the circumstances surrounding her *departure*, which is immaterial. More importantly, the Plaintiffs have failed to articulate any concrete bias or motive sufficient to overcome Federal Rules of Evidence 404(b), 407, and 608(b).

Therefore, the Court will DENY Plaintiffs' Motion (doc. 107) for Reconsideration of Portions of Ruling on Motion to Strike as to Wright's deposition testimony and supporting documents.

## II. Connor affidavit, deposition and expert report

At a March 28, 2011 pre-trial conference, Defendants stated their intention to argue a defense which may in fact implicate Connor's testimony on matters other than the standard of care applicable to Sonitriol. The Court instructed the parties to submit motions on the issue, and reserves judgment until those briefs are filed and considered.

## CONCLUSION

Accordingly, the Court hereby DENIES Plaintiffs' Motion (doc. 107) for Reconsideration of Its February 9, 2009 Ruling on Defendant's Motion to Strike as to Sally Wright's deposition testimony and supporting documents. The Court also instructs the parties to submit additional motions to clarify on what issues Connor provide expert testimony.

Signed in Baton Rouge, Louisiana this 28th day of March, 2011.

HONORABLE JUDGE J. BRADY
MIDDLE DISTRICT OF LOUISIANA